

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-4702

Re: Whether or not House Bill No.
717, 48th Legislature, Regu-
lar Session, authorizes the
Comptroller of Public Ac-
counts to issue warrant in
payment of monthly expense
account to a Special District
Judge, where such expenses
accrued prior to the effect-
ive date of the Act.

You submit the following request for an opinion
by this Department, to-wit:

"Does H. B. No. 717, Acts of the Regular
Session of the Forty-eighth Legislature, author-
ize the Comptroller to issue warrant in payment
of monthly expense account to a Special District
Judge where such expenses accrued prior to the
effective date of the Act; for example, as far
back as January 12, 1942? The regular District
Judge in this instance has made and filed proper
waiver."

H. B. No. 717 passed at the late regular session of
the 48th Legislature, insofar as pertinent to your inquiry,
is as follows:

"Section 1. That any person holding a State or
District office in the State of Texas, whether as a
member of the executive, legislative or judicial de-
partments, when called into the military service of
either the State or National Governments, is hereby

authorized to file with the Comptroller of Public
Accounts of the State, a statement or certificate
in writing, to the effect that he waives the pay-
ment of his salary or pay or the emoluments of his
said office during the period of his military ser-
vice and authorizing the payment of such salary,
pay or emoluments of his office to any other per-
son, who, under the provisions of any law of this
State is appointed or elected to temporarily fill
such civil office during the absence of such offi-
cer, such waiver or assignment to terminate imme-
diately upon the release or discharge of said of-
ficer from such military service.

"Sec. 2. Such waiver or assignment shall be
sufficient authority for the Comptroller of Public
Accounts of the State of Texas to issue State war-
rants and to pay such person so holding such offi-
cer's position during his absence in military ser-
vice out of appropriations made by the Legislature
for such office.

"Sec. 3. The filing with the Comptroller of
Public Accounts of the State of Texas of such
waiver or assignment provided for in this Act
shall never be construed by any Court of this
State to be a resignation from his office by the
person entering the military service of the State
or National Governments or that his office is va-
cant by reason thereof.

"Sec. 4. The importance of this legislation
and the fact that many State and District officers
of the State of Texas are entering the military
service of this State and of the United States,
whose offices are filled by substitutes, commiss-
ioners and special judges and others, and that
special appropriation to pay such persons so fill-
ing the offices of those in the military service
is insufficient and inadequate and, further, it
is impossible to accurately determine or anticipate
the amounts of such appropriations, creates an emer-
gency and an imperative public necessity that the
Constitutional Rule requiring bills to be read on
three several days in each House be suspended, and
the said Rule is hereby suspended, and that this
Act take effect from and after its passage, and it
is so enacted."

The bill became effective May 17, 1943.

Obviously, this Act contemplates that the warrant to a Special District Judge, whether for salary or expenses, is to be paid from the appropriation for District Judges.

Your inquiry is limited to the matter of warrants in payment of monthly expense accounts.

The expenses allowed to a District Judge are provided for in Article 6820, of the Revised Civil Statutes, as follows:

> "All District Judges * * * when engaged in the discharge of their official duties in any county of this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed $4.00 per day for hotel bills, and not to exceed 4¢ a mile when traveling by railroad and not to exceed 20¢ a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties."

Now, under the provisions of Section 1 of H. B. No. 717, above quoted, the waiver by the absent District Judge, and therefore the authority to pay the Special District Judge, is limited to "the payment of his salary or pay or the emolument" of his said office. It does not contemplate expenses whatsoever by the absent District Judge, for he of course will have incurred none.

In our Opinion No. O-4544 addressed to you, under date of April 29, 1942, we advised as follows:

> * * * *. We find no law nor provision or item of appropriation bill providing for payment by the State of traveling expenses to

432

Special District Judges. In the absence of a
law so providing, you are not authorized to
issue warrants for the payment of traveling ex-
penses of Special District Judges."

Article 6821 of the Revised Civil Statutes covers
the subject of salaries of special judges, but it contains
no provision for expenses of any kind.

Item 14 of the current biennial appropriation for
the Judiciary Section -- Comptroller's Department -- is as
follows:

"Special District Judges' salaries and
regular District Judges' expenses when hold-
ing court out of their district," $7500.00
for each fiscal year.

This appropriation, whatever may be the meaning
thereof with respect to expenses, can not change the situa-
tion, for it is thoroughly settled that an appropriation
may not constitutionally withdraw money from the treasury
in the absence of a previously existing law authorizing
the same. (Const., Art. III, Sec. 44)

Incidentally, we call your attention to the fact
that the corresponding appropriation for the forthcoming
biennium in Item 6 is precisely the same as in the current
appropriation.

From what we have said it follows that neither
H. B. No. 717, nor any other statute which we have been
able to find, authorizes the issuance of a warrant by you
to pay expenses of a Special District Judge.

Trusting that what we have said satisfactorily
answers your inquiry, we are

APPROVED JUL 26, 1945

Very truly yours

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN